# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TANUE HORN,<br> *Plaintiff* | § § § § | |
| v. | § § | Case No. 1:21-cv-00542-LY-SH |
| SSIDI and SOCIAL SECURITY LIAISON,<br> *Defendants* | § § § § § | |

## ORDER

 Before the Court are Plaintiff Tanue Horn's Complaint (Dkt. 1) and her Application to Proceed *In Forma Pauperis* (Dkt. 2), both filed June 21, 2021. The District Court referred this case to the undersigned Magistrate Judge for disposition and Report and Recommendation, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 3.

### I. Motion To Proceed *In Forma Pauperis*

 Plaintiff seeks leave to file her Complaint without having to pay the filing fee. After reviewing her Application, the Court finds that Plaintiff is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status and **ORDERS** her Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is advised that although she has been granted leave to proceed *in forma pauperis*, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

**A. Standard of Review**

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plaintiff's pro se status, however, does not offer her an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B. Analysis**

Plaintiff seeks an award of Social Security disability benefits due to health conditions which, she alleges, prevent her from earning an income. Dkt. 1. It is unclear from Plaintiff's Complaint whether this Court has jurisdiction to review her claims. Generally, a party must exhaust all available administrative avenues of relief before seeking judicial review, "in part because of the possibility that administrative review might obviate the need for judicial review." *Garner v. U.S. Dep't of Labor*, 221 F.3d 822, 825 (5th Cir. 2000) (quoting *Hodges v. Callaway*, 499 F.2d 417, 423 (5th Cir. 1974)). In a Social Security case, the available remedies are not exhausted until the claimant obtains a "final decision of the Commissioner of Social Security made after a hearing to which [s]he was a party." 42 U.S.C. § 405(g); *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) (citing 42 U.S.C. § 405(g)).

The regulations interpreting the Social Security Act set out the steps that a claimant must take to obtain a "final decision." 20 C.F.R. § 416.1400(a). First, the Commissioner makes an initial decision on the claimant's application for benefits. *Id.* If the claimant is dissatisfied with the initial determination, she may request a reconsideration of that decision. *Id.* If the claimant is unhappy with the decision on her request for reconsideration, she is entitled to request a hearing before an Administrative Law Judge ("ALJ"). *Id.* Following the hearing, and after the ALJ makes a written decision, the claimant may make another challenge by requesting a review by the Social Security Administration's Appeals Council. *Id.* Only after the Appeals Council makes its decision or denies a claimant's request for review has a "final decision" been made and the case becomes ripe for judicial review. *Id.* at §§ 416.1400(a), 416.1484(b)(2); *Perez v. Barnhart*, 415 F.3d 457, 460-61 (5th Cir. 2005); *Higginbotham*, 405 F.3d at 337.

Accordingly, the Court **HEREBY ORDERS** Plaintiff to file a More Definite Statement by **July 26, 2021**, addressing the following:

1. Providing the Court with proof that Plaintiff has exhausted her administrative remedies by attaching a copy of the "final decision" from the Appeals Council denying her request for review; and

2. Clearly stating what errors Plaintiff alleges the ALJ made in her case.

The Court warns Plaintiff that failure to fully comply with this Order by the deadline will result in this Court's recommendation that this case be dismissed.

**SIGNED** on June 25, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE