**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **TANUE HORN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 1:21-cv-00542-LY-SH** |
| **SSIDI and SOCIAL SECURITY** | § | |
| **LIAISON,** | § | |
| *Defendants* | § | |

## ORDER

Before the Court are Plaintiff Tanue Horn's Complaint, filed June 21, 2021 (Dkt. 1), and Plaintiff's Response to the Court's Order for More Definite Statement, filed July 23, 2021 (Dkt. 5). The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Standing Order Regarding Court Docket Management of Cases Seeking Judicial Review of Social Security Decisions for the Austin Division. Dkt. 3.

The Court granted Plaintiff *in forma pauperis* status on June 25, 2021. Dkt. 4. Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under 28 U.S.C. § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983). In deciding

whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, a plaintiff's pro se status does not offer her an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff seeks an award of Social Security disability benefits due to health conditions she alleges prevent her from earning an income. Dkt. 1 at 1-2. With her More Definite Statement, Plaintiff submitted the Social Security Administration's Notice of Appeals Council Action denying review of the Administrative Law Judge's December 10, 2020 decision in her case. Dkt. 5-1. The Administrative Law Judge's decision is final and subject to review by a district court through a civil action. *Id.* at 2. Accordingly, the Court should not dismiss Plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B) as frivolous at this time.

Based on the foregoing, the Court **ORDERS** the **CLERK** to issue summons in this case and **FURTHER ORDERS** the United States Marshals Service to attempt service without pre-payment of a service fee.

**SIGNED** on July 26, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE